**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 30, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

**Dated: October 30, 2007**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-14987 |
| | ) | |
| SANDRA L. TOWNSEND, | ) | Chapter 7 |
|    Debtor. | ) | |
| | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

The United States Trustee filed a motion to dismiss the above-captioned case pursuant to 11 U.S.C. § 707(b)(1), (b)(2), and (b)(3). During oral argument on October 2, 2007, counsel for the United States Trustee and the debtor agreed that resolution of this matter would be advanced by having the Court rule first on the legal issue of whether the case should be dismissed on the basis of 11 U.S.C. § 707(b)(2). The parties agreed that an evidentiary hearing would only be necessary if the Court rules against the United States Trustee on this issue.

_____
[1] This opinion is not intended for official publication.

The parties stipulated that whether the debtor passes or fails the means test depends upon the Court's interpretation of "payments on account of secured debts . . . scheduled as contractually due" as used in 11 U.S.C. § 707(b)(2)(A)(iii)(I). For the reasons that follow, the Court concludes that the debtor properly included deductions for her three mortgage payments on Official Form 22A and, accordingly, she passed the means test. Therefore, the portion of the United States Trustee's motion that seeks dismissal based upon 11 U.S.C. § 707(b)(2) is denied.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1334 and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTS

On July 3, 2007, the debtor filed a petition under Chapter 7 of the Bankruptcy Code. According to the debtor's schedules, she owns real property located at 14114 Parkdale Avenue, Cleveland, Ohio, which is encumbered by first, second, and third mortgages. The debtor's schedules indicate her monthly mortgage payments total over $1,500.00. On the Chapter 7 Individual Debtor's Statement of Intention, the debtor indicated she would be surrendering this real

2

property.

The debtor completed Official Form 22A, the means test.  Because her annualized current monthly income exceeded the applicable median family income for a family of her size, she completed Parts IV, V, VI, and VII of the means test.  On line 42, future payments on secured claims, the debtor included a deduction of $1,575.83, representing payments of $987.00, $171.00, and $417.83 for three mortgages secured by her real property located at 14114 Parkdale Avenue.  After including these payments, the debtor checked the box on the last page of the means test indicating that a presumption of abuse did not arise under 11 U.S.C. § 707(b)(2).

On August 8, 2007, the United States Trustee filed a statement of presumed abuse, and on September 5, 2007, the United States Trustee filed a motion to dismiss the case pursuant to 11 U.S.C. § 707(b)(1), (b)(2), and (b)(3).  On September 17, 2007, the debtor filed a memorandum in opposition.  On October 2, 2007, the court heard oral argument on the matter.

## DISCUSSION

For Chapter 7 cases filed on or after October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) includes a means test set forth primarily in subsection 707(b) of the Bankruptcy Code.

11 U.S.C. § 707(b)(1) provides that a case may be dismissed if "the granting of relief would be an abuse of the provisions of this chapter." The formula for determining whether a presumption of abuse exists under 11 U.S.C. § 707(b) is contained in 11 U.S.C. § 707(b)(2)(A) and provides in pertinent part:

> (i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of–
> > (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
> > (II) $10,000.
>
> (ii)(I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . . Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts. . . .
> . . . .
> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of–
> > (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
> > (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;

4

divided by 60.

In the present case, the United States Trustee and the debtor have stipulated that whether the debtor passes or fails the means test depends upon the Court's interpretation of "payments on account of secured debts . . . scheduled as contractually due" as used in 11 U.S.C. § 707(b)(2)(A)(iii)(I). The United States Trustee argues that the debtor may not take deductions on the means test for secured payments on property she intends to surrender, while the debtor argues that because she remains contractually obligated to make the payments until discharge, she may deduct them on the means test. Therefore, the narrow issue for the Court to decide is whether a debtor may deduct amounts payable to secured creditors when the Chapter 7 debtor intends to surrender the property securing those debts.

The majority view, which includes all six of the bankruptcy judges in this district that have issued written decisions on this issue, is that a debtor may deduct payments for secured debts even if he intends to surrender the property. *See In re Haar*, 360 B.R. 759, 768 (Bankr. N.D. Ohio 2007) (Speer, J.); *In re Zak*, 361 B.R. 481, 488 (Bankr. N.D. Ohio 2007) (Woods, J.); *In re Simmons*, 357 B.R. 480, 485 (Bankr. N.D. Ohio 2006) (Shea-Stonum, J.); *In re Doud*, No. 07-11280 (Bankr. N.D. Ohio June 26, 2007) (Baxter, J.); *In re Augenstein*, No. 06-13867 (Bankr. N.D. Ohio June 14, 2007) (Morgenstern-Clarren, J.); *In re Vanhoose*,

5

No. 06-31813 (Bankr. N.D. Ohio May 21, 2007) (Whipple, J.); *But see In re Ray*, 362 B.R. 680 (Bankr. D.S.C. 2007) (Chapter 7 debtor may not deduct payments for secured debts debtor intends to surrender); *In re Skaggs*, 349 B.R. 594 (Bankr. E.D. Mo. 2006) (same). Without repeating all the reasons for or against allowing inclusion of these payments, the Court finds the analysis of the majority view to be more persuasive, and the Court hereby adopts the same and holds that a Chapter 7 debtor may deduct amounts payable to secured creditors when the Chapter 7 debtor intends to surrender the property securing those debts. In short, the totality of the circumstances test under 11 U.S.C. § 707(b)(3) provides a vehicle for addressing situations where the mechanical approach of the means test fails to identify debtors for whom the granting of relief would be an abuse of the provisions of Chapter 7. *See, e.g.*, *In re Augenstein*, No. 06-13867 (Bankr. N.D. Ohio June 14, 2007) (denying portion of United States trustee's motion to dismiss based on 11 U.S.C. § 707(b)(2), but granting motion based upon the totality of the circumstances under 11 U.S.C. § 707(b)(3)).

Accordingly, because the debtor properly included deductions on Form B22A for her first, second, and third mortgage payments, the presumption of abuse does not arise. Therefore, the portion of the United States Trustee's motion that seeks dismissal based upon 11 U.S.C. § 707(b)(2) is denied.

## CONCLUSION

For the foregoing reasons, the portion of the United States Trustee's motion that seeks dismissal based upon 11 U.S.C. § 707(b)(2) is denied. The Court will issue a separate evidentiary hearing scheduling order to address the portion of the United States Trustee's motion that seeks dismissal based upon 11 U.S.C. § 707(b)(3).

IT IS SO ORDERED.